1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJID MORTAZAVI, an individual; SOODABEH MORTAZAVI, an individual; and RANCHO FARM CONSTRUCTION CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br><br><br>FEDERAL INSURANCE COMPANY, a New Jersey corporation; CHICAGO TITLE INSURANCE COMPANY, a Nebraska corporation; STATE NATIONAL INSURANCE COMPANY, INC., a Texas corporation, and DOES 1 to 20, inclusive,<br><br>Defendants. | CASE NO. 13cv3141-GPC(BGS)<br><br>**ORDER:**<br><br>**1) GRANTING IN PART AND DENYING IN PART DEFENDANTS FEDERAL INSURANCE COMPANY AND CHICAGO TITLE INSURANCE COMPANY'S MOTIONS TO DISMISS**<br><br>[Dkt. Nos. 4, 5.]<br><br>**2) DENYING DEFENDANT FEDERAL INSURANCE COMPANY'S MOTION TO STRIKE**<br><br>[Dkt. No. 6.]<br><br>**3) GRANTING DEFENDANT STATE NATIONAL INSURANCE COMPANY'S MOTION TO DISMISS**<br><br>[Dkt. No. 7.]<br><br>**4) VACATING MOTION HEARINGS** |

Before the Court are three motions to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). (Dkt Nos. 4, 5, 7.) In addition, Defendant Federal Insurance Company has filed a motion to strike. (Dkt. No. 6.) The parties have

[13cv3141-GPC(BGS)]

1   fully briefed all four motions. Pursuant to Civil Local Rule 7.1(d)(1), the Court finds

2   the matters suitable for adjudication without oral argument. Based on a review of the

3   briefs, supporting documentation, and the applicable law, the Court GRANTS in part

4   and DENIES in part Defendants Federal Insurance Company and Chicago Title

5   Insurance Company's motions to dismiss, (Dkt. Nos. 4, 5); DENIES Defendant Federal

6   Insurance Company's motion to strike, (Dkt. No. 6); and GRANTS Defendant State

7   National Insurance Company's motion to dismiss. (Dkt. No. 7.)

8                                    **I. BACKGROUND**

9        On November 20, 2013, Plaintiffs Majid Mortazavi, Soodabeh Mortazavi,

10  and Rancho Farm Construction Corporation (collectively, "Plaintiffs") filed the

11  present action in California Superior Court. (Dkt. No. 1-7.) On December 23, 2013,

12  Defendant Federal Insurance Company ("Federal") removed this action to federal

13  court pursuant to 28 U.S.C. § 1441(b). (Dkt. No. 1.) Plaintiffs' Complaint brings

14  three causes of action: (1) breach of contract; (2) breach of the implied covenant of

15  good faith and fair dealing; and (3) declaratory relief. (Dkt. No. 1-7, "Compl.")

16       Plaintiffs allege Federal, Chicago Title Insurance Company ("Chicago

17  Title"), and State National Insurance Company, Inc. ("State National") insure Majid

18  Mortazavi and Soodabeh Mortazavi ("the Mortazavis") under various insurance

19  policies. (Compl. ¶¶ 10-24.) Specifically, Federal and Chicago Title each insure the

20  Mortazavis under a single insurance policy. (Id. ¶¶ 10, 16.) In addition, the

21  Complaint includes allegations regarding two insurance policies under which State

22  National insures the Mortazavis as well as the Rancho Farm Construction Company.

23  (Id. ¶ 20.)

24       On January 13, 2012, a lawsuit was filed against the Mortazavis in San Diego

25  County Superior Court, Sive v. Mortazavi, et al., Case No. 37-2012-00090738-CU-

26  OR-CTL ("the Sive lawsuit"). (Compl. ¶ 25.) Plaintiffs allege the Mortazavis

27  subsequently filed a cross-complaint in the Sive lawsuit against Pardee Homes, who

28

[13cv3141-GPC(BGS)]

1    in turn filed a cross-complaint against the Mortazavis and Rancho Farm

2    Construction Company. (Id.) Plaintiffs allege the allegations made against the

3    Mortazavis and Rancho Farm Construction Company in the Sive lawsuit are

4    "potentially covered" under their respective Federal, Chicago Title, and State

5    National insurance policies, (id. ¶¶ 26, 27, 28), but that Defendants declined to

6    provide a defense to the Mortazavis. (Id. ¶¶ 29-34.) Plaintiffs also allege State

7    National has not responded to a separate request for defense from Rancho Farm

8    Construction Company, other than a confirmation of receipt of the request. (Id. ¶¶

9    35-36.)

10                          **II. LEGAL STANDARD**

11        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the

12   sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

13   Dismissal is warranted under Rule12(b)(6) where the complaint lacks a cognizable

14   legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir.

15   1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule12(b)(6) authorizes

16   a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively,

17   a complaint may be dismissed where it presents a cognizable legal theory yet fails to

18   plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff

19   need not give "detailed factual allegations," a plaintiff must plead sufficient facts

20   that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp.

21   v. Twombly, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a

22   complaint must contain sufficient factual matter, accepted as true, to 'state a claim

23   to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

24   (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual

25   allegations permit "the court to draw the reasonable inference that the defendant is

26   liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual

27   content,' and reasonable inferences from that content, must be plausibly suggestive

28

1  of a claim entitling the plaintiff to relief." <u>Moss v. U.S. Secret Service</u>, 572 F.3d

2  962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim

3  for relief will . . . be a context-specific task that requires the reviewing court to draw

4  on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

5        In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume

6  the truth of all factual allegations and must construe all inferences from them in the

7  light most favorable to the nonmoving party. <u>Thompson v. Davis</u>, 295 F.3d 890, 895

8  (9th Cir. 2002); <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).

9  Legal conclusions, however, need not be taken as true merely because they are cast

10 in the form of factual allegations. <u>Ileto v. Glock, Inc.</u>, 349 F.3d 1191, 1200 (9th Cir.

11 2003); <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

12                        **III. DISCUSSION**

13 **A.    Federal's and Chicago Title's Motions to Dismiss**

14       Defendants Federal and Chicago Title separately move to dismiss Plaintiffs'

15 Complaint, arguing that Plaintiffs have failed to meet the minimum pleading

16 requirements of Federal Rules of Civil Procedure 8(a). (Dkt. No. 4-1 at 2-3; Dkt.

17 No. 12 at 2.) The Court addresses each of Plaintiffs' causes of action in turn.

18        **1.    Breach of Contract**

19       Under California law, a cause of action for damages for breach of contract is

20 comprised of the following elements: (1) existence of a contract, (2) plaintiff's

21 performance or excuse for nonperformance, (3) defendant's breach, and (4) the

22 resulting damages to plaintiff. <u>Careau & Co. v. Security Pacific Business Credit,</u>

23 <u>Inc.</u>, 222 Cal. App. 3d 1371, 1388 (1990); <u>Gautier v. General Tel. Co.</u>, 234 Cal.

24 App. 2d 302, 305 (1965). In order to determine whether a plaintiff has stated a claim

25 for breach of an insurance contract, a court must compare the allegations of the

26 complaint with the terms of the contract. <u>See, e.g.</u>, <u>Waller v. Truck Ins. Exchange,</u>

27 <u>Inc.</u>, 11 Cal. 4th 1, 18 (1995).

28

Defendants Federal and Chicago Title move to dismiss Plaintiffs' breach of contract claim on the ground that the Complaint includes no specific facts as to which allegations in the <u>Sive</u> lawsuit allegedly triggered coverage under the respective insurance policies. (Dkt. No. 4-1 at 3-5; Dkt. No. 5 at 6.) Defendant Chicago Title argues Plaintiffs' claim that the <u>Sive</u> lawsuit is potentially covered under the Chicago Title policy is based on a conclusion of law rather than on factual allegations. (Dkt. No. 4-1 at 4.)

The Court agrees with Defendants and finds that Plaintiffs have not alleged "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007). Although Plaintiffs have adequately pled the existence of contracts between the Mortazavis and both Federal and Chicago Title, (<u>see</u> Compl. ¶¶ 10-15, 16-19), they have not alleged any facts regarding the underlying subject matter of the <u>Sive</u> lawsuit. Plaintiffs state only that Defendants have "failed to defend and have failed to indemnify the Plaintiffs in the <u>Sive</u> lawsuit where the contracts require them to do so." (Compl. ¶ 41.) While a complaint generally need not contain detailed factual allegations, Plaintiffs must provide more than labels and conclusions to provide the grounds of his or her entitlement to relief. <u>Twombly</u>, 550 U.S. at 555. As such, Plaintiffs have failed to state a plausible claim that Federal and Chicago Title's refusals to defend the Mortazavis in the <u>Sive</u> lawsuit constituted breaches of their respective insurance contracts. The Court therefore GRANTS Defendants Federal and Chicago Title's motions to dismiss Plaintiffs' breach of contract claim.

**2.     Breach of the Covenant of Good Faith and Fair Dealing**

In the insurance context, the "primary test" of whether an insurer breaches the implied covenant of good faith and fair dealing is "whether the insurer withheld payment of an insured's claim unreasonably and in bad faith." <u>Love v. Fire Ins. Exchange</u>, 221 Cal. App. 3d 1136, 1151 (1990). "Where benefits are withheld for

proper cause, there is no breach of the implied covenant." Id. "An insurer's bad judgment or negligence is insufficient to establish bad faith; instead, the insurer must engage in 'a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement.' " Nieto v. Blue Shield of Cal. Life & Health Ins. Co., 181 Cal. App. 4th 60, 86 (2010) (citation omitted). Bad faith is ordinarily a question of fact. Id.

Defendants Federal and Chicago Title move to dismiss Plaintiffs' bad faith claim, arguing Plaintiffs' allegations fail to assert a factual basis for the conclusory allegations that Defendants failed to conduct an adequate investigation or that Defendants' conduct was unreasonable, arbitrary, or without good cause. (Dkt. No. 4-1 at 5-6; Dkt. No. 5 at 7.) Plaintiffs respond that they need not "provide so great a detail as to explain in the Complaint what a better investigation would have revealed." (Dkt. No. 12 at 7.)

The Court finds Plaintiffs' allegations sufficient to state a claim for breach of the implied covenant of good faith and fair dealing. Plaintiff has alleged that Defendants declined to provide a defense to the Mortazavis in the Sive lawsuit; failed to adequately investigate the facts, circumstances, and allegations of the Sive lawsuit prior to determining their duty to defend under the respective insurance contracts; and acted arbitrarily in declining to provide a defense. (Compl. ¶¶ 30, 32, 47.) The truth of these allegations is a question of fact inappropriate for resolution on a motion to dismiss. See Nieto, 181 Cal. App. 4th at 86. Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiffs' breach of good faith and fair dealing cause of action.

### 3. Declaratory Relief

Plaintiffs' third cause of action seeks a judicial declaration "as to the rights and obligations of the various parties under the Defendants' insurance policies."

1   (Compl. ¶ 52.) The Declaratory Judgment Act provides that, "[i]n a case of actual

2   controversy within its jurisdiction . . . any court of the United States, upon the filing

3   of an appropriate pleading, may declare the rights and other legal relations of any

4   interested party seeking such declaration, whether or not further relief is or could be

5   sought." 28 U.S.C. § 2201. "A declaratory judgment offers a means by which rights

6   and obligations may be adjudicated in cases 'brought by any interested party'

7   involving an actual controversy that has not reached a stage at which either party

8   may seek a coercive remedy and in cases where a party who could sue for coercive

9   relief has not yet done so." Seattle Audubon Soc. v. Moseley, 80 F.3d 1401, 1405

10   (9th Cir. 1996). On a motion to dismiss, the question is "whether the facts alleged,

11   under all circumstances, show that there is a substantial controversy, between

12   parties having adverse legal interests, of sufficient immediacy and reality to warrant

13   the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil

14   Co., 312 U.S. 270, 273 (1941); Western Mining Council v. Watt, 643 F.2d 618,

15   623-24 (9th Cir. 1981).

16       Defendants Federal and Chicago Title move to dismiss Plaintiffs' declaratory

17   judgment cause of action on the ground that Plaintiffs have not pled sufficient facts

18   to raise a justiciable controversy as to Federal and Chicago Title. (Dkt. No. 4-1 at 8;

19   Dkt. No. 5 at 4-5.) Federal further argues that the Complaint does not make clear

20   whether Plaintiffs seek "declaratory relief against Federal that operates

21   prospectively or merely redresses past wrongs." (Dkt. No. 5 at 9.)

22       As discussed above, the Court agrees that Plaintiffs' Complaint fails to

23   adequately allege breach of contract. However, Plaintiffs have sufficiently pled a

24   claim for breach of good faith and fair dealing, and allege that the costs Plaintiffs

25   have incurred "in pursuit of the policy benefits owed to them under the Federal

26   policy [and] the Chicago Title policy" are ongoing. (Compl. ¶ 38.) Accordingly,

27   drawing all factual inferences in favor of Plaintiffs, the Court finds that Plaintiffs

28

have sufficiently alleged a justiciable controversy under the Declaratory Judgment Act and DENIES Defendants' motion to dismiss Plaintiffs' third cause of action.

### 4.  Plaintiff Rancho Farm Construction Corporation

Defendants Federal and Chicago Title seek to dismiss any claims by Plaintiff Rancho Farm Construction Corporation ("RFCC") against Federal and Chicago Title on the ground that RFCC is not an insured under any Federal or Chicago Title policies alleged in the Complaint. (Dkt. No. 4-1 at 7-8; Dkt. No. 5 at 9.) Plaintiffs concede in response that Plaintiffs do not seek to establish Federal or Chicago Title liability to RFCC for any of the three causes of action alleged in the Complaint. (Dkt. No. 11 at 10; Dkt. No. 12 at 9.) Accordingly, to the extent that the Complaint seeks to hold Defendants Federal or Chicago Title liable to Rancho Farm Construction Corporation for breach of contract, breach of the implied covenant of good faith and fair dealing, or for declaratory relief, the Court DISMISSES these claims.

## B.  Federal's Motion to Strike

Defendant Federal has filed a separate motion to strike pursuant to Federal Rules of Civil Procedure 12(f). Under Rule 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation marks, citation, and first alteration omitted), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).

Defendant Federal moves to strike Plaintiffs' allegations and prayer for attorney's fees and punitive damages on the ground that Plaintiffs have failed to allege a claim for bad faith and thus are not entitled to attorney's fees or punitive

1    damages as a matter of law. (Dkt. No. 6.) However, as stated above, the Court finds

2    that Plaintiffs' have sufficiently alleged a "bad faith" claim for breach of the implied

3    covenant of good faith and fair dealing. Furthermore, Rule 12(f) "does not authorize

4    a district court to dismiss a claim for damages on the basis it is precluded as a matter

5    of law." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974-75 (9th Cir.

6    2010). Accordingly, the Court DENIES Defendant Federal's motion to strike. (Dkt.

7    No. 6.)

8    **B.      State National's Motion to Dismiss**

9          In addition, Defendant State National has filed a separate motion to dismiss,

10   (Dkt. No. 7), and request for judicial notice. (Dkt. No. 7-2.)

11        **1.      Judicial Notice**

12        Generally, on a motion to dismiss, courts limit review to the contents of the

13   complaint and may only consider extrinsic evidence that is properly presented to the

14   court as part of the complaint. See Lee v. City of L.A., 250 F.3d 668, 688-89 (9th

15   Cir. 2001) (court may consider documents physically attached to the complaint or

16   documents necessarily relied on by the complaint if their authenticity is not

17   contested). However, a court may take notice of undisputed "matters of public

18   record" subject to judicial notice without converting a motion to dismiss into a

19   motion for summary judgment. Id. (citing Fed. R. Evid. 201; MGIC Indem. Corp. v.

20   Weisman, 803 F.2d 500, 504 (9th Cir. 1986)). Under Federal Rule of Evidence 201,

21   a district court may take notice of facts not subject to reasonable dispute that are

22   capable of accurate and ready determination by resort to sources whose accuracy

23   cannot reasonably be questioned. Fed. R. Evid. 201(b); see also Lee, 250 F.3d at

24   689.

25        Defendant State National seeks judicial notice of two documents: (1) the

26   complaint "and attachments thereto" filed in Sive v. Mortezavi, et al., Case No. 37-

27   2012-00090738-CU-OR-CTL; and (2) the first amended cross complaint of Pardee

28

Homes filed in the same case. (Dkt. No. 7-2, "RJN.") Plaintiffs do not oppose State National's request. (Dkt. No. 14 at 3.) Although court filings are "matters of public record" that are properly noticed under Federal Rules of Evidence 201, notice may be taken under Rule 201 only to establish "the fact of such litigation and related filings," not for the truth of the matters asserted therein. San Luis v. Badgley, 136 F. Supp. 2d 1136, 1146 (E.D. Cal. 2000) (citing United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)).

However, under the "incorporation by reference" doctrine, the Court may consider the contents of documents necessarily relied on by the Complaint if their authenticity is not contested. Lee, 250 F.3d at 688-89. Although the contents of the complaint and cross complaint filed in Sive v. Mortezavi are not alleged in Plaintiffs' Complaint in the present action, the allegations in Plaintiff's Complaint necessarily rely on the contents of the Sive v. Mortezavi documents. Accordingly, the Court will take into account the complaint and first amended cross complaint submitted by Defendant State National in consideration of its motion to dismiss. See Knievel v. ESPN, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998)) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.").

### 2.    Motion to Dismiss

As stated above, to determine whether a plaintiff has breached an insurance contract, courts compare the allegations of the complaint with the terms of the contract. See, e.g., Waller v. Truck Ins. Exchange, Inc., 11 Cal. 4th 1, 18 (1995).

Defendant State National moves to dismiss Plaintiffs' Complaint on the

1    ground that Plaintiffs' claims are foreclosed as a matter of law based on a

2    comparison between the allegations in the <u>Sive</u> lawsuit and the provisions of State

3    National's insurance contract with the Mortazavis and Rancho Farm Construction

4    Corporation as alleged in the present action. (Dkt. No. 7-1 at 2-3.)  According to

5    State National, the <u>Sive</u> lawsuit arises "out of the construction of improvements to

6    real property which extend eight feet over the actual boundary line and the alleged

7    misrepresentations by the sellers."[1] (Dkt. No. 7-1 at 4.) As alleged in the Complaint,

8    Plaintiffs' insurance policies with State National cover legal obligations of the

9    insured persons "because of 'bodily injury' or 'property damage' " caused by an

10   "occurrence," which is defined as "an accident, including continuous or repeated

11   exposure to substantially the same general harmful conditions." (Compl. ¶¶ 21-24.)

12   State National argues the contract terms of the State National insurance policies at

13   issue, as alleged in Plaintiffs' Complaint, do not impose a duty on State National to

14   defend Plaintiffs for claims arising out of purposeful conduct because there has

15   been no "occurrence" or "accident" triggering coverage as defined in the policy.

16   (Dkt. No. 7-1 at 5.)

17        Plaintiffs respond that although the scope of an insurer's duty is first

18   determined by comparing the policy language with the allegations of the complaint,

19   an insurer's duty to defend may also be triggered by facts extrinsic to the complaint.

20   (Dkt. No. 14 at 1, 6.) Plaintiffs argue the "threshold to establish the duty [to defend]

21   is low; even a 'bare possibility' of coverage is sufficient to trigger a defense

22   obligation." (<u>Id.</u> at 5) (citing <u>Montrose Chem. Corp. v. Superior Court</u>, 6 Cal. 4th

23   287, 300 (1993)). In other words, Plaintiffs do not contest that the <u>Sive</u> pleadings

24   are not facially covered under the State National policies. Instead, Plaintiffs claim

25

26        [1]The Court's review of the <u>Sive</u> complaint and first amended cross complaint
     confirms that the <u>Sive v. Mortazavi</u> lawsuit sought rescission of a real estate contract
27   as well as damages for breach of contract; fraud; and negligent misrepresentation
     stemming from alleged false representations made by the Mortazavis regarding
28   improvements to real property. (Dkt. No. 7-2 Ex. A.)

1  that facts extrinsic to the <u>Sive</u> pleadings demonstrate the potential for coverage
2  under the State National insurance policies, but that Plaintiffs need not submit such
3  evidence in opposition to a motion to dismiss. (<u>Id.</u> at 9.)

4      The Court agrees with Plaintiffs that an insurer's duty to defend may be
5  triggered by "all facts known to the insurer from any source" in addition to the
6  terms of the insurance policy and allegations in the complaint under California law.
7  <u>Montrose Chem. Corp.</u>, 6 Cal 4th at 300. However, although Plaintiffs need not
8  introduce evidence of State National's knowledge of the extrinsic facts at this stage
9  of the proceedings, Plaintiffs must provide sufficient factual allegations to raise
10 their right to relief above a speculative level. <u>Bell Atlantic Corp. v. Twombly</u>, 550
11 U.S. 544, 545 (2007). Plaintiffs here have included no allegations in the Complaint
12 to indicate that extrinsic facts known to State National triggered a duty to defend
13 Plaintiffs in the <u>Sive</u> lawsuit. Where the plain language of State National's
14 insurance policies appear to foreclose a duty to defend, Plaintiffs must provide some
15 factual allegations to support their claims that State National breached the insurance
16 contracts or breached an implied covenant of good faith and fair dealing. Plaintiffs
17 have failed to do so. Accordingly, the Court GRANTS Defendant State National's
18 Motion to Dismiss.

19 **C.   Leave to Amend**

20     Finally, the court must determine whether to grant Plaintiffs leave to amend
21 the Complaint to cure the deficiencies discussed herein. In fact, a "district court
22 should grant leave to amend even if no request to amend the pleading was made,
23 unless it determines that the pleading could not possibly be cured by the allegation
24 of other facts." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)
25 (quoting <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995)). Finding Plaintiffs'
26 pleading defects curable, the Court grants Plaintiffs leave to amend the Complaint.
27 //
28

1

## CONCLUSION AND ORDER

2      Based on the foregoing, the Court hereby:

3      1. **GRANTS** in part and **DENIES** in part Chicago Title Company's Motion to

4      Dismiss, (Dkt. No. 4);

5      2. **GRANTS** in part and **DENIES** in part Federal Insurance Company's

6      Motion to Dismiss, (Dkt. No. 5);

7      3. **DENIES** Federal Insurance Company's Motion to Strike, (Dkt. No. 6);

8      4. **GRANTS** Defendant State National Insurance Company, Inc.'s Motion to

9      Dismiss, Dkt. No. 7); and

10     5. **VACATES** the motion hearing set to hear all four motions on March 14,

11     2014 at 1:30 p.m.[2]

12 Plaintiffs shall have twenty one (21) days to file an amended complaint.

13     **IT IS SO ORDERED.**

14

15 DATED:  March 11, 2014

16

17                                HON. GONZALO P. CURIEL
                                  United States District Judge

18

19

20

21

22

23

24

25

26

27     [2]The Court notes that on March 11, 2014, Plaintiffs' counsel filed an ex parte
motion to appear telephonically at the March 14, 2014 hearing. (Dkt. No. 20.) The
28 Court hereby DENIES the motion as moot.

[13cv3141-GPC(BGS)]