BRIAN P. WORTHINGTON, ESQ. (Bar No. 179590)
brian@worthington-law.com
WORTHINGTON LAW OFFICES
7676 Hazard Center Drive, Suite 900
San Diego, California  92108
Telephone (619) 630-0096; Fax (619) 630-0096

Attorneys for Plaintiffs MAJID MORTAZAVI,
SOODABEH MORTAZAVI and RANCHO
FARM CONSTRUCTION CORPORATION

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJID MORTAZAVI, an individual; SOODABEH MORTAZAVI, an individual; and RANCHO FARM CONSTRUCTION CORPORATION, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, a New Jersey corporation; CHICAGO TITLE INSURANCE COMPANY, a Nebraska corporation; STATE NATIONAL INSURANCE COMPANY, INC., a Texas corporation, and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. 3:13-CV-03141 GPC BGS <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> **1. BREACH OF CONTRACT;** <br> **2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND** <br> **3. DELCARATORY RELIEF** <br><br> **[JURY TRIAL DEMANDED]** |

COME NOW, Plaintiffs MAJID MORTAZAVI and SOODABEH

MORTAZAVI, by and through their counsel of record, Brian P. Worthington, and

complain as follows:

1.     Plaintiff MAJID MORTAZAVI is, and at all times pertinent to this

Complaint was, a resident of San Diego County, California.

/ / /

-1-

FIRST AMENDED COMPLAINT

2.     Plaintiff SOODABEH MORTAZAVI is, and at all times pertinent to this Complaint was, a resident of San Diego County, California.  (Plaintiffs MAJID MORTAZAVI and SOODABEH MORTAZAVI shall sometimes be referred to hereinafter collectively as "the Mortazavis.")

3.     Plaintiff RANCHO FARM CONSTRUCTION CORPORATION ("Rancho Farm") is, and at all times relevant to this Complaint was, a California corporation with its principal place of business in San Diego County, California. (The Mortazavis and Rancho Farm shall sometimes be referred to herein collectively as "Plaintiffs.")

4.     Defendant FEDERAL INSURANCE COMPANY (hereinafter "Federal") is a New Jersey corporation that, at all times pertinent to this Complaint was, doing business in San Diego County, California.

5.     Defendant CHICAGO TITLE INSURANCE COMPANY (hereinafter "Chicago Title") is a Nebraska corporation that, at all times pertinent to this Complaint was, doing business in San Diego County, California.

6.     Defendant STATE NATIONAL INSURANCE COMPANY, INC. (hereinafter "State National") is a Texas corporation that, at all times pertinent to this Complaint was, doing business in San Diego County, California.

7.     Plaintiffs do not presently know the true names and capacities of the Defendants sued herein as Does 1 through 20, inclusive.  Plaintiffs will seek leave of court to amend this Complaint to allege said Defendants' true names and capacities as soon as Plaintiffs ascertain them.

8.     At all times mentioned herein, each Defendant was the agent and/or employee of each and all of the other Defendants, and was acting in the course of such agency and/or employment.

9.     Venue is proper in this Court because: the Plaintiffs are residents of, or have their principal place of business in, San Diego County; the insurance policies

-2-

involved in this case were issued in San Diego County, California; and the Defendants' obligations under the insurance-policy contracts at issue in this case were to be performed in San Diego County.

## GENERAL ALLEGATIONS

**A.   The Federal Insurance Policy**

10.     Federal issued an insurance policy under which the Mortazavis are insureds.  This is policy number 1367027001/01, effective for one year beginning October 21, 2010 (hereinafter "the Federal policy").

11.     The Federal policy states: "We cover damages a covered person is legally obligated to pay for personal injury or property damage which take place anytime during the policy period and are caused by an occurrence, unless stated otherwise or an exclusion applies."

12.     The Federal policy also states: "'Occurrence' means an accident or offense to which this insurance applies and which begins within the policy period. Continuous or repeated exposure to substantially the same general conditions unless excluded is considered to be one occurrence."

13.     The Federal policy also states: "A 'covered person' means: [¶] you or a family member."

14.     The Federal policy also states: "'Property damage' means physical injury to or destruction of tangible property, and the resulting loss of its use."

15.     The Federal policy also states: "We will defend a covered person against any claim or suit seeking covered damages for personal injury or property damage or for covered damages under Employment practices liability, if Employment practices liability coverage is shown in the Coverage Summary.  We provide this defense at our own expense, with counsel of our choice, even if the claim or suit is groundless, false, or fraudulent.  We may investigate, negotiate, and settle any claim or suit at our discretion."

/ / /

**B.     The Chicago Title Policy**

16.     Chicago Title issued a title insurance policy under which the Mortazavis are insureds, policy number T128CL128 (hereinafter "Chicago Title policy").

17.     The Chicago Title policy states:

We insure you against actual loss resulting from:

• any title risks covered by this Policy-up to the Policy Amount

and

• any costs, attorneys' fees and expenses we have to pay under this Policy

18.     The Chicago Title policy also states:

This Policy covers the following title risks, if they affect your title on the Policy Date.

1.     Someone else owns an interest in your title.

2.     A document is not properly signed, sealed, acknowledged. or delivered.

3.     Forgery, fraud, duress, incompetency, incapacity or impersonation.

4.     Defective recording of any document.

5.     You do not have any legal right of access to and from the land.

6.     There are restrictive covenants limiting your use of the land.

7.     There is a lien on your title because of:

• a mortgage or deed of trust

• a judgment, tax. or special assessment

• a charge by a homeowner's or condominium association

8.     There are liens on your title, arising now or later, for labor and material furnished before the Policy Date-unless you agreed to pay for the labor and material.

9.     Others have rights arising out of leases, contracts, or options.

10.     Someone else has an easement on your land.

-4-

11. Your title is unmarketable, which allows another person to refuse to perform a contract to purchase, to lease or to make a mortgage loan.

12. You are forced to remove your existing structure – other than a boundary wall or fence – because:

• it extends on to adjoining land or on to any easement

• it violates a restriction shown in Schedule B

• it violates an existing zoning law

13. You cannot use the land because use as a single-family residence violates a restriction shown in Schedule B or an existing zoning law.

14. Other defects, liens, or encumbrances.

19. The Chicago Title policy also states: We will defend your title in any court case as to that part of the case that is based on a Covered Title Risk insured against by this Policy.  We will pay the costs, attorneys' fees, and expenses we incur in that defense."

**C.    The State National Insurance Policy**

20. State National issued several insurance policies under which the Plaintiffs are insureds.  Those policies include, but may not necessarily be limited to, policy number NS1200058, effective for one year beginning September 17, 2008, and policy number NS1203368, effective for one year beginning September 17, 2009.   (These policies, and any others under which any Plaintiff in this case is an insured, shall be referred to herein collectively as the "State National policies.")

21. The State National policies state: We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies.  We will have the right and duty to defend the insured against any 'suit' seeking those damages."

22. The State National policies also state: "This insurance applies to 'bodily injury' and 'property damage' only if: [¶] (1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory'; [¶]

-5-

(2) The 'bodily injury' or 'property damage' occurs during the policy period."

23. The State National policies also state: "'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

24. The State National policies also state: "'Property damage" means: [¶] a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it."

**D. The *Sive* Lawsuit**

25. On January 13, 2012, a lawsuit was filed in the San Diego Superior Court entitled *Sive v. Mortazavi, et al.*, Case No. 37-2012-00090738-CU-OR-CTL. The Defendants in that lawsuit are Majid Mortazavi and Soodabeh Mortazavi, as individuals and as trustees for the Mortazavi Family Trust. In that lawsuit, Sive alleges that the Mortazavis purchased a parcel of land located at 13881 Rancho Capistrano Bend, San Diego, California 92130 ("the property") from Pardee Homes ("Pardee"), and then constructed a home and other structures and improvements on the property. Sive alleges that some of the structures and/or improvements encroach onto an adjoining parcel of land owned by Pardee. The Complaint alleged causes of action for: 1) Rescission – Fraud; 2) Rescission – Negligent Misrepresentation; 3) Rescission – Mistake; 4) Breach of Contract; 5) Fraud; and 6) Negligent Misrepresentation. In the Prayer of the Complaint, Sive requested rescission of the purchase agreement for the property, that title to the property be transferred to the Mortazavis, and that Sive be awarded general, special, and punitive damages.

26. Majid Mortazavi and Soodabeh Mortazavi, as individuals and as trustees for the Mortazavi Family Trust UTD 07/14/2009, then filed a Cross-Complaint against Pardee. (That Cross-Complaint was later amended to add Rancho Pacifica Homeowners Association as a Cross-Defendant.) Pardee, in turn, filed a Cross-Complaint against Majid Mortazavi and Soodabeh Mortazavi, individually and

as trustees for the Mortazavi Family Trust UTD 07/13/2009.  Pardee's Cross-Complaint was later amended to add Rancho Farm as a Cross-Defendant.  (The Complaint and all related cross-actions shall hereinafter be referred to in total as the "*Sive* lawsuit.")

27.    The allegations made against the Mortazavis in the *Sive* lawsuit are potentially covered under the Federal policy, and Federal is required to defend the Mortazavis in that lawsuit.  Pardee has alleged in the *Sive* lawsuit that the Mortazavis constructed the property in such a way as to cause physical damage to land that Pardee owns that is adjacent to the Property.  Pardee's allegations constitute an allegation of an occurrence because Pardee alleges, among other things, that the Mortazavis constructed a garden wall in a negligent fashion and constructed that wall in a way other than was intended.  Pardee alleges that the construction of this wall in this manner is the cause of physical damage to Pardee's property.  The Mortazavis are informed and believe and thereon allege that the alleged property damage occurred, either in whole or in part, during the Federal policy period.

28.    The allegations made against the Mortazavis in the *Sive* lawsuit are potentially covered under the Chicago Title policy, and Chicago Title is required to defend the Mortazavis in that lawsuit.  Among other things, Sive and Pardee both allege in the *Sive* lawsuit that the Mortazavis constructed structures, other than a boundary wall or fence, that extend onto adjoining land.  Sive and Pardee seek in that lawsuit seek to force the Mortazavis to remove those structures.

29.    The allegations made against the Plaintiffs in the *Sive* lawsuit are potentially covered under one or both of the State National policies.  All of the Plaintiffs in this lawsuit are insureds under the State National policies for purposes of the *Sive* lawsuit, and State National is required to defend all Plaintiffs in that lawsuit. Pardee has alleged in the *Sive* lawsuit that the Plaintiffs constructed the property in such a way as to cause physical damage to land that Pardee owns that is adjacent to the Property.  Pardee's allegations constitute an allegation of an occurrence because

-7-

Pardee alleges, among other things, that the Plaintiffs constructed a garden wall in a negligent fashion and constructed that wall in a way other than was intended.  Pardee alleges that the construction of this wall in this manner is the cause of physical damage to Pardee's property.  The Plaintiffs are informed and believe and thereon allege that the alleged property damage occurred, either in whole or in part, during the policy period of one or both of the State National policies.

30.    The Mortazavis tendered defense of the *Sive* lawsuit to Federal.

31.    Federal declined to provide a defense to the Mortazavis, and has not provided any defense to the Mortazavis, in the *Sive* lawsuit.

32.    The Mortazavis tendered defense of the *Sive* lawsuit to Chicago Title.

33.    Chicago Title declined to provide a defense to the Mortazavis, and has not provided any defense to the Mortazavis, in the *Sive* lawsuit.

34.    The Mortazavis tendered defense of the *Sive* lawsuit to State National.

35.    State National declined to provide a defense to the Mortazavis, and has not provided any defense to the Mortazavis, in the *Sive* lawsuit.

36.    After Pardee amended its Cross-Complaint in the *Sive* lawsuit to add Rancho Farm as a Cross-Defendant, Rancho Farm tendered defense of the *Sive* lawsuit to State National.  This tender also included a re-tender of defense on behalf of the Mortazvis.  (The tender on behalf of Rancho Farm, and re-tender on behalf of the Mortazavis, shall be referred to herein as "the Rancho Farm tender.")

37.    At the time the original Complaint was filed in this case, State National had failed to respond to the Rancho Farm tender in any substantive manner.  State National, through its counsel, had acknowledged receipt of the Rancho Farm tender, but nothing more.  Despite that more than thirty (30) days had passed since the Rancho Farm tender was sent to State National: State National had not advised Plaintiffs whether it will defend or not; State National had not advised Plaintiffs as to any investigation it had conducted since the Rancho Farm tender; and State National had not advised Plaintiffs that any additional time is needed to evaluate the Rancho

Farm tender or why State National could not provide a timely decision as to whether a defense will be provided to the *Sive* lawsuit.  Moreover, Plaintiffs had attempted to follow up with State National and requested an update as to the status of a response to the Rancho Farm tender, but State National, to that point, had ignored and failed to respond to this follow-up request for a response.  After the Complaint was filed, State National responded to the tender, and refused to provide a defense or indemnity for the *Sive* lawsuit to any of the Plaintiffs.

38.     Because Federal, Chicago Title, and State National have refused to provide a defense to any of the Plaintiffs in the *Sive* lawsuit, the Plaintiffs have been forced to incur attorney's fees and other costs to defend themselves in that lawsuit.

39.     The Plaintiffs have also incurred, and continue to incur, attorney's fees and other expenses in pursuit of the policy benefits owed to them under the Federal policy, the Chicago Title policy, and the State National policies.

## FIRST CAUSE OF ACTION
## BREACH OF WRITTEN CONTRACT
### (As to All Defendants)

40.     The Plaintiffs hereby incorporate paragraphs 1 through 39, above, as though set forth in full herein.

41.     The Plaintiffs entered into valid written contracts with the Defendants, and each of them, in the form of the Federal policy, the Chicago Title policy, and the State National policies.

42.     The Defendants, and each of them, have breached these written contracts in that they have failed to defend and have failed to indemnify the Plaintiffs in the *Sive* lawsuit where the contracts require them to do so.

43.     The Defendants' performance under the Federal policy, the Chicago Title policy, and the State National policies has not been excused.

44.     The Plaintiffs have fully performed all of their obligations under the Federal policy, the Chicago Title policy, and the State National policies.

45.     The Defendants' breaches of these contracts is the legal and proximate cause of damages to the Plaintiffs, in that, among other things, the Plaintiffs have been forced to pay for their own defense of the *Sive* lawsuit, have been required to try to settle their potential liability in the *Sive* lawsuit so as to mitigate their damages from the Defendants' breaches, and have been forced to face legal responsibility for all liabilities and potential liabilities in the *Sive* lawsuit.  The Plaintiffs have suffered damages from Defendants' conduct in an amount according to proof at trial, but in an amount in excess of $25,000.00.

**SECOND CAUSE OF ACTION**

**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

**(As to All Defendants)**

46.     The Plaintiffs hereby incorporate paragraphs 1 through 45, above, as though set forth in full herein.

47.     The Federal policy, the Chicago Title policy, and the State National policies each contain an implied covenant of good faith and fair dealing that requires that neither party will do anything that will injure the right of the other to receive the benefits of the agreement.

48.     The Defendants have breached the implied covenants contained in their insurance policies in that Defendants have acted unreasonably in denying a defense and/or indemnity to the Plaintiffs where Defendants were required to do so. Defendants acted unreasonably in that, among other things:

a.     Defendants failed to conduct a reasonable and adequate investigation into the facts, circumstances and allegations of the *Sive* lawsuit, when such investigation, if performed, would have revealed to Defendants their duty to defend and/or indemnify the Plaintiffs under their respective insurance policies;

b.     In denying or otherwise refusing insurance coverage to the Plaintiffs for the *Sive* lawsuit, Defendants acted arbitrarily and in conscious disregard

of the facts, circumstances and allegations in the *Sive* lawsuit and California law regarding their obligations under their respective insurance policies;

       c.     In denying insurance coverage to the Plaintiffs for the *Sive* lawsuit, Defendants put their own interests ahead of those of the Plaintiffs, their insureds, and denied or otherwise refused coverage to the Plaintiffs in circumstances where Defendants knew, or through exercise of a reasonable investigation and evaluation should have known, that they owed a duty to defend or indemnify the Mortazavis in the *Sive* lawsuit;

       d.     Defendants denied or otherwise refused a defense and/or indemnity to the Plaintiffs for the *Sive* lawsuit unreasonably and without good cause; and

       e.     State National unreasonably refused and failed to provide a timely response to the Plaintiffs to the Rancho Farm tender, unreasonably and unjustifiably delayed in responding to the Rancho Farm tender, and unreasonably failed to respond timely to the Plaintiffs' follow-up request for a response to the Rancho Farm tender.

49.    As a direct and proximate result of the Defendants' conduct, the Plaintiffs have suffered damages, including but not limited to: economic loss (including not only the costs of defending the *Sive* lawsuit but also attorney's fees incurred in pursuing Defendants for policy benefits that the Defendants have tortuously denied), emotional distress, stress, nervousness and worry, headaches and stomachaches, and loss of sleep.  The damages Plaintiffs have suffered are in an amount according to proof at trial, but in any event in excess of $25,000.00.

50.    Defendants acted intentionally in denying coverage to the Plaintiffs, and did so purposely so as to avoid responsibility for incurring the expense of defending and/or indemnifying the Plaintiffs.  Defendants' conduct was designed specifically to deprive the Plaintiffs' of the benefits they were entitled to under the insurance policies, so that Defendants would not incur financial expense.  Defendants did this

knowing that their wrongful denial of coverage to the Plaintiffs would cause the Plaintiffs economic loss and hardship, as well as emotional distress, stress, nervousness and worry.  Defendants' conduct in this regard rises to the level of oppression, fraud or malice, and Defendants are, accordingly, subject to exemplary and/or punitive damages.

**THIRD CAUSE OF ACTION**

**DECLARATORY RELIEF**

**<u>(As to All Defendants)</u>**

51.     The Plaintiffs hereby incorporate paragraphs 1 through 50, above, as though set forth in full herein.

52.     An actual and present controversy has arisen and presently exists between the Plaintiffs and Defendants in that: the Plaintiffs contend that Defendants are required to defend and/or indemnify the Plaintiffs for the *Sive* lawsuit, and Defendants contend that they have no obligation to defend or indemnify the Plaintiffs.

53.     The Plaintiffs seek a judicial declaration as to the rights and obligations of the various parties under the Defendants' insurance policies.

WHEREFORE, Plaintiffs MAJID MORTAZAVI, SOODABEH MORTAZAVI and RANCHO FARM CONSTRUCTION CORPORATION pray for judgment as follows:

1.     For actual and compensatory damages in an amount to be proven at trial;

2.     For costs of suit, including reasonable attorney's fees;

3.     For exemplary and/or punitive damages; and

4.     For such other and further relief as the Court may deem proper.

/ / /

/ / /

/ / /

-12-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury.

Dated: March 31, 2014                    WORTHINGTON LAW OFFICES


By:  _s/ Brian P. Worthington_
     Brian P. Worthington, Esq.
     Attorneys for Plaintiffs
     MAJID MORTAZAVI, SOODABEH
     MORTAZAVI and RANCHO FARM
     CONSTRUCTION CORPORATION

FIRST AMENDED COMPLAINT

1

## CERTIFICATE OF SERVICE

2

3

I am now, and at all times herein mentioned, over the age of eighteen (18) years, a resident of the County of San Diego; not a party to the within action or cause; and that my business address is 7676 Hazard Center Drive, Suite 900, San Diego, CA 92108.

4

5

On March 31, 2014, I caused to be served the following document:

6

7

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO STATE NATIONAL INSURANCE COMPANY, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)**

8

on the parties in said action as follows:

9

10

[X] BY ELECTRONIC TRANSMISSION VIA NEF.  Pursuant to Court Rule, I electronically filed the foregoing document through the Court's CM/ECF system, which sent a Notification of Electronic Filing to the persons at the email addresses listed below:

11

12

Jordan Trachtenberg, Esq.
Vice President, Senior Trial Counsel
Fidelity National Law Group
915 Wilshire Boulevard, Suite 2100
Los Angeles, California 90017
Email: Jordan.Trachtenberg@fnf.com
Attorneys for Defendant CHICAGO TITLE INSURANCE COMPANY

13

14

15

Robert Dennison, Esq.
Traub Lieberman Straus & Shrewsberry
626 Wilshire Blvd., #800
Los Angeles, CA 90017
Email: rdennison@traublieberman.com
Attorneys for Defendant STATE NATIONAL INSURANCE COMPANY, INC.

16

17

18

Stephen L. Newton, Esq.
Newton Remmel
1451 Grant Road, P.O. Box 1059
Mountain View, CA 94042
Email: snewton@newtonremmel.com
Attorneys for Defendant FEDERAL INSURANCE COMPANY

19

20

21

22

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on March 31, 2014 at San Diego, California.

23

24

_____s/ Brian P. Worthington_____

25

26

27

28

-14-

FIRST AMENDED COMPLAINT