# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJID MORTAZAVI, an individual; SOODABEH MORTAZAVI, an individual; and RANCHO FARM CONSTRUCTION CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY, a New Jersey corporation; CHICAGO TITLE INSURANCE COMPANY, a Nebraska corporation; STATE NATIONAL INSURANCE COMPANY, INC., a Texas corporation, and DOES 1 to 20, inclusive,<br><br>Defendants. | CASE NO. 13cv3141-GPC(BGS)<br><br>**ORDER:**<br><br>**1) GRANTING DEFENDANT FEDERAL INSURANCE COMPANY'S MOTION TO FILE A REPLY BRIEF**<br><br>[Dkt. No. 40.]<br><br>**2) REMANDING THIS ACTION TO SAN DIEGO SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**3) DENYING PENDING MOTIONS TO DISMISS AS MOOT**<br><br>[Dkt. Nos. 23, 24, 28.] |

On November 20, 2013, Plaintiffs Majid Mortazavi, Soodabeh Mortazavi, and Rancho Farm Construction Corporation (collectively, "Plaintiffs") filed the present action in California Superior Court against defendants Federal Insurance Company ("Federal"), Chicago Title Insurance Company ("Chicago Title") and State National Insurance Company, Inc. ("State National"). (Dkt. No. 1-7.) On December 23, 2013,

1  Defendant Federal removed this action to federal court, invoking this Court's diversity
2  jurisdiction under 28 U.S.C. § 1441(b). (Dkt. No. 1.) On July 14, 2014, the Court
3  ordered Defendant Federal to show cause why the action should not be remanded to
4  state court for lack of subject matter jurisdiction. (Dkt. No. 37.) Defendant Federal filed
5  a response asserting that there was federal jurisdiction to hear this case, (Dkt. No. 38),
6  Plaintiffs have filed a reply, (Dkt. No. 39), and Defendants have filed a motion for
7  leave to file an additional reply brief, (Dkt. No. 40). For the following reasons, the
8  Court REMANDS the present action to state court. All pending motions to dismiss,
9  (Dkt. Nos. 23, 24, 28), are moot.

## I. FACTUAL BACKGROUND

This action arises out of an insurance coverage dispute between Plaintiffs Majid Mortazvai, Soodabeh Mortazavi, and Rancho Farm Construction Corporation (collectively, "Plaintiffs") and three separate insurance companies. On January 13, 2012, a lawsuit was filed against Majid Mortazavi and Soodabeh Mortazavi (collectively, "the Mortazavis") as individuals and as trustees for the Mortazavi Family Trust in San Diego County Superior Court, Sive v. Mortazavi, et al., Case No. 37-2012-00090738-CU-OR-CTL ("the Sive lawsuit"). (Dkt. No. 22, FAC ¶ 25.)

Plaintiffs allege the Sive lawsuit arises out of Plaintiffs' construction of a home and other structures and improvements on a parcel of land purchased by Plaintiffs from Pardee Homes. (Id. ¶ 25.) Sive in turn purchased the parcel of land from the Mortazavis on May 11, 2011. (Dkt. No. 24-2, State National RJN Ex. 1 ¶ 7.) Sive alleges "some of the structures and/or improvements [constructed by the Mortazavis] encroach onto an adjoining parcel of land owned by Pardee." (FAC ¶ 25.) The Sive lawsuit Complaint seeks rescission of the purchase agreement between Sive and the Mortazavis, transfer of title, and general, special, or punitive damages for six causes of action: (1) rescission-fraud; (2) rescission-negligent misrepresentation; (3) rescission-mistake; (4) breach of contract; (5) fraud; and (6)

negligent misrepresentation. (Id.)

Plaintiffs allege the Mortazavis subsequently filed a cross-complaint in the Sive lawsuit against Pardee Homes, who in turn filed a cross-complaint against the Mortazavis and Rancho Farm Construction Company. (Id. ¶ 26.) Plaintiffs allege the allegations made against the Mortazavis and Rancho Farm Construction Company in the Sive lawsuit are "potentially covered" under their respective Federal, Chicago Title, and State National insurance policies, (id. ¶¶ 27-29), but that Defendants declined to provide a defense to the Mortazavis. (Id. ¶¶ 30-35.) Plaintiffs also allege State National has not responded to a separate request for defense from Rancho Farm Construction Company, other than a confirmation of receipt of the request. (Id. ¶¶ 36-37.)

## II. PROCEDURAL BACKGROUND

On November 20, 2013, Plaintiffs Majid Mortazavi, Soodabeh Mortazavi, and Rancho Farm Construction Corporation (collectively, "Plaintiffs") filed the present action in California Superior Court. (Dkt. No. 1-7.) Plaintiffs' Complaint brings three causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) declaratory relief. (Dkt. No. 1-7, "Compl.") Plaintiffs sought actual and compensatory damages in an amount no less than $25,000, costs of suit, including attorney fees, and punitive damages. (Dkt. No. 1-7 at 10.)

On March 31, 2014, Plaintiffs filed a First Amended Complaint ("FAC"). Defendants filed three motions to dismiss the FAC. (Dkt. Nos. 23, 24, 28.) On July 14, 2014, the Court issued an Order to Show Cause why the present action should not be remanded to state court for lack of subject matter jurisdiction. (Dkt. No. 37.) Defendant Federal Insurance Company and Plaintiffs have filed responses to the Order to Show Cause. (Dkt. Nos. 38, 39.) In addition, Defendant Federal Insurance Company has filed an ex parte motion for leave to file a reply in response to Plaintiffs' order to show cause memorandum. (Dkt. No. 40.) Having reviewed the

ex parte motion, and finding no prejudice to Plaintiff, the Court hereby GRANTS the unopposed ex parte motion. Defendant Federal Insurance Company's reply brief, currently lodged as Exhibit A to the Declaration of Lenell Topol McCallum, (Dkt. No. 40-1), shall be deemed filed.

## II. LEGAL STANDARD

Where an action originally filed in state court is removed to federal court, the removing party "always has the burden of establishing that removal was proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy *exceeds the sum or value of $75,000*, exclusive of interest and costs, and is between - (1) citizens of different States." 28 U.S.C. § 1332(a) (emphasis added). In "cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); see also Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) ("[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . we apply a preponderance of the evidence standard."). Under this burden, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount. Sanchez, 102 F.3d at 404. To determine the amount in controversy, the court must first examine the complaint to ascertain whether it is "facially apparent" that the claims exceed the jurisdictional amount. St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. Id.

## III. DISCUSSION

On July 14, 2014, this Court noted that Plaintiffs did not specify the amount of damages they seek in the original Complaint filed in state court in the present matter, (Dkt. No. 1-7 at 10), and that Defendant's Notice of Removal failed to establish by a preponderance of the evidence that the amount in controversy in the present matter exceeds $75,000. (Dkt. No. 37.) The Court also noted that Plaintiffs' Complaint seeks defense or indemnification under four separate insurance policies, and the "general rule with respect to the aggregation of claims of a plaintiff against two or more defendants is that 'where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate.'" Jewell v. Grain Dealers Mut. Ins. Co., 290 F.2d 11, 13 (5th Cir. 1961) (citing Cornell v. Mabe, 206 F.2d 514, 516 (5th Cir. 1953)); see also Ex parte Phoenix Ins. Co., 117 U.S. 367, 369 (1886) ("The rule is well settled that distinct decrees against distinct parties on distinct causes of action, or on a single cause of action in which there are distinct liabilities, cannot be joined to give this court jurisdiction on appeal."). (Id.) This Court accordingly ordered Defendant Federal Insurance Company, as the removing party in this case, to show cause why this action should not be remanded to state court for lack of federal subject matter jurisdiction. (Id.)

Defendant Federal Insurance Company has filed a response to the Order to Show Cause, arguing that the potential liabilities in the Sive lawsuit "are in excess of $2,000,000.00." (Dkt. No. 38.) Defendant argues the real property at issue in the Sive action is valued at $2,844,615, and that Sive seeks from the Mortazavis "compensatory damages in excess of $2,000,000 as well as an order that the Mortazavis be required to pay the sum of $2,844,615.30, plus interest on the loan used to pay for the property, lost interest, real estate insurance and property taxes." (Dkt. No. 38 at 4) (citing Dkt. No. 38-2, RJN Ex. 1 at 7-8). In addition, Defendant argues "[a] conservative estimate of defense fees incurred over the two years the

1 [Sive] action has been pending together with the fees incurred by the Mortazavis in
2 this action is in excess of $50,000." (Dkt. No. 38 at 5.) In summary, Defendant
3 calculates the amount in controversy as the sum of: "[1] the value of the property
4 right at issue in the Sive lawsuit, which the underlying plaintiff contends is the
5 purchase price, i.e., $2,844,615, together with [2] the value of the trespass onto
6 Pardee's adjoining property, which is alleged to be in excess of $25,000, [3] the
7 costs to remove the encroachment, [4] Pardee's costs and expenses in the Sive
8 lawsuit, which have accrued over a two year period and are continuing, as well as
9 [5] their defense costs in this action." (Dkt. No. 38 at 6) (numbers added).

10 Plaintiff responds that Defendant Federal Insurance Company's response
11 brief errs in three respects: (1) Plaintiffs' potential liability in the Sive lawsuit
12 should not be counted in the amount in controversy calculation because diversity
13 jurisdiction is assessed at the time of removal; (2) Federal has not shown that the
14 amount in controversy is at least $75,000 as to each Defendant; and (3) Federal
15 wrongfully includes attorney's fees in calculating the amount in controversy. (Dkt.
16 No. 39 at 2.) In reply, Defendant asserts that "both the expense of mounting a legal
17 defense and the potential indemnity costs may be factored in when assessing the
18 amount in controversy." (Dkt. No. 40-1, Callum Decl. Ex. A at 1) (citing Meridian
19 Ins. Co. v. Sadowski, 441 F.3d 536, 539 (7th Cir. 2006)).

20 The Court finds that Defendant Federal has not met its burden of establishing
21 by a preponderance of the evidence that the amount in controversy exceeds $75,000
22 as to each Defendant in this case. Sanchez v. Monumental Life Ins. Co., 102 F.3d
23 398, 404 (9th Cir. 1996); see also Walter v. Ne. R. Co., 147 U.S. 370, 373 (1893)
24 ("In short, the rule applicable to several plaintiffs having separate claims, that each
25 must represent an amount sufficient to give the court jurisdiction, is equally
26 applicable to several liabilities of different defendants to the same plaintiff.") Libby,
27 McNeill & Libby v. City Nat'l Bank, 592 F.2d 504, 510 (9th Cir. 1978) (minimum
28 amount in controversy was not met where defendants were not liable jointly). As set

1 | forth in this Court's Order to Show Cause, the Court is concerned that removing
2 | Defendant Federal Insurance Company has failed addressed the issue of the amount
3 | in controversy in this case as to each Defendant. (<u>See</u> Dkt. No. 37.) Although
4 | Federal addresses the potential liabilities in the underlying <u>Sive</u> lawsuit, Federal
5 | fails to address the potential liabilities in the present lawsuit. For example, Federal
6 | fails to provide copies of the Defendants' respective insurance policies with the
7 | Plaintiffs to the Court; fails to detail the policy limits of each policy; fails to
8 | demonstrate whether the policies at issue are primary or excess insurance coverage;
9 | and most importantly, fails to discuss the amount sought by Plaintiffs as to each
10 | Defendant. The Court is therefore unable to ascertain the amount in controversy as
11 | to each of the three Defendants in this case under the four separate insurance
12 | policies alleged in the Complaint, and finds that Federal has not met its burden of
13 | establishing the amount in controversy necessary to invoke the subject matter
14 | jurisdiction of this Court. The Court must remand the case. <u>See</u> 28 U.S.C. §
15 | 1447(c).

**CONCLUSION AND ORDER**

For the foregoing reasons, the Court hereby:

1. **GRANTS** Defendant Federal Insurance Company's motion to file a reply brief, (Dkt. No. 40);

2. **REMANDS** this action to San Diego Superior Court for lack of federal subject matter jurisdiction; and

3. **DENIES** Defendants' pending motions to dismiss Plaintiffs' First Amended Complaint as moot, (Dkt. Nos. 23, 24, 28).

**IT IS SO ORDERED.**

DATED:  October 20, 2014

HON. GONZALO P. CURIEL
United States District Judge